IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAC PROPERTIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VAUGHN RHOADES, et al.,<br><br>    Defendants. | Case No. 13-2139 JSC<br><br>**ORDER TO SHOW CAUSE TO DEFENDANTS** |

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Alameda. Defendants, representing themselves, subsequently purported to remove the action to this Court on the basis of federal question jurisdiction. Defendants allege that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220, preempts state law as to bona fide residential tenants of foreclosed landlords. (Dkt. No. 1.)

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The

Court has reviewed the Notice of Removal and has determined that federal question jurisdiction does not exist.

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311 *1 (N.D. Cal. June 8, 2012). The removed complaint makes only a state law claim for unlawful detainer. Therefore, this Court does not have federal question jurisdiction. *ING Bank, FSB,* 2012 WL 2077311 at *1.  That Defendants raise defenses and preemption arguments related to the PTFA is irrelevant; a defendant cannot create federal subject matter jurisdiction by adding claims, raising defenses, or alleging ordinary preemption. *Holmes Group, Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Federal Nat. Mortg. Ass'n v. Sue Lin Poh*, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action).

Accordingly, Defendants are ORDERED to SHOW CAUSE as to why this case should not be remanded to the Alameda County Superior Court. In particular, if Defendants believe that this Court has subject matter jurisdiction, they shall file a response in writing by **May 28, 2013** that demonstrates why this Court has jurisdiction. Defendants are warned that their failure to file a response will result in remand of this action to state court for lack of federal jurisdiction.

**IT IS SO ORDERED.**

Dated:   May 13, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE