IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAC PROPERTIES, LLC, <br><br>   Plaintiff, <br><br>   v. <br><br> VAUGHN RHOADES, et al., <br><br>   Defendants. | Case No. 13-2139 JSC <br><br> **ORDER REASSIGNING CASE;** <br> **REPORT AND RECOMMENDATION** <br> **THAT THE CASE BE REMANDED** |

Plaintiff brought this state law unlawful detainer action against Defendants in the Superior Court of California for the County of Alameda. Defendants, representing themselves, subsequently purported to remove the action to this Court on the basis of federal question jurisdiction. Defendants allege that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5220, preempts state law as to bona fide residential tenants of foreclosed landlords. (Dkt. No. 1.) Given the Court's concern with respect to subject matter jurisdiction, the Court ordered Defendants to show cause as to why this case should not be remanded to Alameda County Superior Court ("OSC"). (Dkt. No. 3.) Defendants timely responded to the Order. (Dkt. No. 4.) After carefully reviewing the state court complaint and Defendants' response to the OSC, the Court recommends that the case be REMANDED.

**DISCUSSION**

Defendants, as the party seeking removal to this federal court, bear the burden of establishing that subject matter jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). "Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012).

The Court, having reviewed the Notice of Removal and Defendants' response to the OSC, concludes that federal question jurisdiction does not exist. The removed complaint makes only a state law claim for unlawful detainer. Therefore, this Court does not have federal question jurisdiction. *ING Bank*, 2012 WL 2077311 at *1. That Defendants raise defenses and preemption arguments related to the PTFA is irrelevant; a defendant cannot create federal subject matter jurisdiction by adding claims, raising defenses, or alleging ordinary preemption. *Holmes Grp., Inc. v. Vornado Air Circulation*, 535 U.S. 826, 830-31 (2002); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Fed. Nat. Mortg. Ass'n v. Sue Lin Poh*, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) (remanding removed unlawful detainer action). Despite informing Defendants in the OSC that ordinary preemption is insufficient to confer federal subject matter jurisdiction, Defendants' response insists that because the PTFA preempts state unlawful procedures, federal subject matter exists. As already discussed, Defendants are incorrect.

In addition, Defendants are incorrect that removal was proper because the complaint does not mention or allege compliance with the PTFA. Rather, removal is proper "when a federal question exists on the face of a well-pleaded complaint." *ING Bank*, 2012 WL 2077311, at *1. Further, contrary to Defendants' assertion, removal is not "the only manner in which to force Plaintiff to comply with the provisions of the [PTFA]." (Dkt. No. 4 at 2.) The state court may hear any PTFA defense or counterclaim Defendants may have.

**CONCLUSION**

Since Defendants have not established federal jurisdiction over this action, removal from state court was improper. As not all parties have consented to or declined the undersigned's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge. Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge REMAND this action to Alameda County Superior Court.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: May 31, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE